UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:97-cr-00110-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| (11) WILLIAM JUNIOR ANDERSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion to Reduce Sentence under the First Step Act of 2018. (Doc. No. 236). Having carefully reviewed the motions, the parties' briefs, and all relevant portions of the record, the Court, in its discretion, will <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendant's motion and reduce his *aggregate* sentence to **three hundred (300) months**. However, for the reasons which follow, Defendant's supervised release term of **five (5) years**, will not be reduced.

I.  **BACKGROUND**

Between 1996 and 1997, Defendant participated in a drug-trafficking conspiracy and distributed crack cocaine in Charlotte, North Carolina. (Doc. No. 168 ¶¶ 5–6). In the spring of 1996, Defendant and his co-conspirators decided to rob Cade Aldridge, known to the group as a dealer of marijuana and cocaine. (Id. at ¶ 7). During the robbery Defendant fired a single round at Aldridge, and that bullet passed through a portion of a wall and hit Aldridge in the head, killing him. (Id. at 8–9). Defendant rummaged through Aldridge's home and stole approximately $200 and a half-ounce of marijuana. (Id. at ¶ 9).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute powder cocaine, crack cocaine, and marijuana, 21 U.S.C. § 846; possessing

1

with intent to distribute marijuana, 21 U.S.C. § 841(a)(1); and using a firearm during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c)(1). (Id. at ¶¶ 1, 3). The indictment did not allege a drug quantity involved in either of the drug-trafficking offenses. See id. Defendant proceeded to trial, and a jury found him guilty of all three offenses. (Id. at ¶ 3).

For the drug-trafficking offenses, the probation officer applied the cross-reference to Sentencing Guidelines § 2A1.1 because a victim was killed under circumstances that constitute murder, resulting in a base and total offense level of 43. (Id. at ¶¶ 15, 24). The mandatory Sentencing Guidelines required a sentence of life in prison for the drug-trafficking offenses based on a total offense level of 43 and a criminal-history category of II. (Id. at ¶ 48). Applying 21 U.S.C. § 841(b)(1)(A), the probation officer noted that Defendant faced a mandatory-minimum term of 10 years and a maximum of life in prison for the drug-trafficking-conspiracy offense. (Id. at ¶ 47). Defendant faced a statutory maximum term of 5 years in prison for the marijuana-trafficking offense and a mandatory consecutive term of 5 years in prison for the firearm offense. Id. This Court sentenced Defendant to life in prison for the conspiracy offense, a concurrent term of 5 years in prison for the marijuana-trafficking offense, and a consecutive term of 5 years in prison for the firearm offense. (Doc. No. 171 at 2). This Court also imposed a supervised-release term of 5 years for the conspiracy offense and concurrent terms of 3 years of supervised release for the remaining offenses. (Id. at 3). Defendant now seeks a reduction in his sentence under the First Step Act.

## II. DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

In his Motion, Defendant states he is eligible for a reduced sentence because he was convicted of a "covered offense" as defined in the Act. (Doc No. 236, p. 4). Defendant also states that if a person is eligible, the court must exercise its discretion to determine whether to reduce the

defendant's sentence and, if so, by how much. (Id. at 3). Finally, Defendant argues that should a defendant be eligible, the Court *must* consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. Id.

Defendant's Motion for Resentencing seeks relief under Section 404 of the First Step Act. (Id. at 3). Section 404 gave retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See First Step Act, Pub. L. No. 115- 391, § 402(a), 132 Stat. 5194, 5221 (2018). Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222.

The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in United States v. Woodson that a defendant convicted under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, <u>Wirsing</u> and <u>Woodson</u> mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced.

Defendant is eligible for a *discretionary* reduction of his sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He pleaded guilty to possessing with intent to distribute crack cocaine, and <u>Wirsing</u> and <u>Woodson</u> make clear that his crack cocaine offense is a "covered offense" under section 404(a) of the First Step Act.

Had the First Step Act been in effect at the time Anderson was sentenced, he would have been subject to a statutory-maximum term of 20 years, instead of life in prison, for the conspiracy offense. <u>See</u> 21 U.S.C. § 841(b)(1)(C) (1999). Combining that sentence with a consecutive 5-year sentence for the firearm offense yields an aggregate sentence of 300 months in prison. The United States notes that Defendant has significant disciplinary citations in the Bureau of Prisons, including a citation for fighting in 2019, and these weigh against a sentence reduction. Defendant has received a letter of recommendation from Bureau of Prisons personnel, appears to have employment available to him upon his release, and has significant community support. For these reasons, the United States consents to the reduction requested by Defendant. Defendant also requests a reduction in his supervised-release term, noting *correctly* that application of the Fair Sentencing Act would have resulted in a supervised-release term of 3 years. However, due to the seriousness of Defendant's offense conduct and his misconduct in prison, the sentencing factors of 18 U.S.C. § 3553(a) weigh against a *discretionary* reduction in his supervised-release term.

This Court, therefore, **grants** the Defendant's sentence reduction but **denies** any reduction in his term of supervised release.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED Defendant's Motion for Sentence Reduction under the First Step Act (Doc. No. 236) is **GRANTED IN PART** and **DENIED IN PART**. The Court, in its *discretion*, will <u>grant in part</u> Defendant's motion and reduce his *aggregate* sentence to **three hundred (300) months**; however, his supervised release term will remain at **five (5) years**.

IT IS SO ORDERED.

Signed: January 5, 2021

Frank D. Whitney
United States District Judge